## EDMUND WIDDALL ET AL. v. ANNA L. GARSED.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued March 26, 1889—Decided April 8, 1889.

1. On a sheriff's interpleader to determine the ownership of personal · property levied upon in a mill, it is not error to refuse to charge that the verdict should be for the defendant, if the jury find that when an alleged transfer of the *business* took place from the defendant in the execution to the claimant, there was no change of possession, but the defendant in the execution remained in possession and conducted the *business* as before.

2. The familiar rule that an assignment, to be good against the creditors of the assignor must be accompanied by a delivery of possession, refers ⌄to visible, tangible property; moreover. the title of the claimant in a sheriff's interpleader cannot be defeated by the mere declarations of his assignor.

Statement of Facts.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 103 July Term 1888, Sup. Ct.; court below, No. . . . . March Term 1886, C. P. No. 1.

On May 22, 1886, Edmund Widdall and John E. Widdall, trading as Edmund Widdall & Son, obtained a judgment against John Garsed, and John Garsed, trading as A. L. Garsed. The copy of book entries filed showed that the claim was for cotton and materials used in yarn spinning. Execution was issued on the judgment and four bales of cotton, forty bundles of yarn and other goods, were levied upon. Anna L. Garsed, the daughter of John Garsed, claiming the property in question, the sheriff obtained a rule for an interpleader, and an issue was framed in which Anna L. Garsed was plaintiff and Edmund Widdall & Son were defendants.

At the trial on February 1, 1886, John Garsed testified in behalf of the plaintiff in the issue, as follows:

" The property levied on by the sheriff in this case, cotton, waste, oil, etc., was the property of my daughter, Anna L. Garsed. In 1885, I was sold out by the sheriff by Boyd, White & Co., and in September, 1885, I made a bill of sale of everything to my daughter, Anna L. Garsed. It was in writing. I don't know where it is. I can't find it. I have looked for it. I told Widdall that I had put the property in my daughter's name, and was going to carry on business in the name of A. L. Garsed. When I commenced in that way the capital we had was $100. On September 4, 1885, I bought the first bill of goods from Widdall in the name of A. L. Garsed. I always purchased in the name of A. L. Garsed. That $100 with which we started was soon gone, by April 13th. Then my son borrowed money from Mr. Baldt. My son's name is George L. Garsed. He bought stock of Thomas Henry & Sons. The stock was afterwards delivered at the mill in the name of A. L. Garsed. I have carried on business since that in her name."

Cross-examined: " When I called on Widdall, after transferring the property to my daughter, I told him I was going to do business in the future under the name of A. L. Garsed, and to make his bills that way. A large part of the judgment in this case, on which this execution and levy was made, is for goods

billed by Widdall to A. L. Garsed. I attended to all the business.".

Anna L. Garsed testified that she received the assignment from her father immediately after its date, and paid him $1, the consideration mentioned in it. "I had been spoken to previous to September, 1885, by my father, as to my taking this business on account of a difficulty with Boyd, White & Co. I gave my consent. After the business was transferred to me I went once to Widdall's to order stock. I went several times to Henry's to order stock. My brother was the engineer; my father at times had charge of the outside business, and myself at times. . . . . Before the money was borrowed from Baldt, my father asked if I had any objection to my brother borrowing some money to run the business in my name. I said I had no objection."

John E. Widdall, on behalf of the defendants in the issue, testified: "In the Fall of 1885 John Garsed, with whom we had been dealing some time, told me he was going to do business in the future as A. L. Garsed, and to make out his bills in the future in that way. He said the reason was, he was in difficulty with Boyd, White & Co., and if we billed the stock to John Garsed he feared it might be attached. We then sent stock on his orders billed and charged to "A. L. Garsed." After we had sold five or six bills of stock that way, I once asked him who A. L. Garsed was. He said it was his daughter. The judgment in this case was largely for goods sent to A. L. Garsed."

The defendants submitted the following points, inter alia:

1. If the jury find that when the alleged transfer of the business from John Garsed to A. L. Garsed took place, there was no actual change of possession, but John Garsed remained in possession and conducted the business as he had done before, the verdict should be for defendants.

Answer: refused.[1]

2. If the defendants, Edmund Widdall & Son, were merely informed by John Garsed that he was "doing business now under the name of A. L. Garsed, and to make out bills that way," and they did so, and the judgment in this case is for part of the goods sold in the name of A. L. Garsed, the verdict should be for defendants.

Answer: Refused.[2]

4. Under all the testimony in this case, the verdict should be for defendants.

Answer: Refused.[3]

The jury returned a verdict in favor of the plaintiff, claimant. A motion for a new trial having been dismissed and judgment entered, the defendants took this writ, assigning as error:

1–3. The answers to defendants' points.[1 to 3]

*Mr. John Dolman,* for the plaintiffs in error.

*Mr. Rudolph M. Schick,* for the defendant in error.

PER CURIAM:

This was a case for the jury. The learned judge below, in a clear and impartial charge, fairly submitted to them the question of the ownership of the property levied upon. He could not properly have withdrawn it from the jury as requested by the defendants' fourth point. Nor was it error to refuse the defendants' first and second points. To have affirmed either would have been equivalent to a binding instruction which, as before observed, would have been improper. Aside from this, the first point was so inartificially drawn, that the court could not have affirmed it under any circumstances. The learned counsel evidently intended to ask for an instruction that if the property assigned by John Garsed to A. L. Garsed, was not accompanied by delivery of possession, the assignment was void as against creditors, and the verdict should be for defendants. The last clause of the point, "the verdict should be for defendants," is a very common and very dangerous addition. It often prevents its affirmance, when the law as stated in the point is entirely correct. In the point referred to, no question is raised as to the possession of the property assigned; it refers only to the "business," and in this respect we think it was defective. The familiar rule that an assignment to be good as against creditors must be accompanied by delivery of possession, refers to visible, tangible property. The "transfer of the business" is an uncertain, equivocal expression,

and may mean property, or it may mean good will. The affirm-ance of the defendant's second point would have been clear error. The title of A. L. Garsed could not have been defeated by the mere declarations of her assignor. Yet upon these the court below was asked to give a binding instruction in favor of the defendants.

Judgment affirmed.