## Speer, Appellant, v. Zeuger.

*Sheriff's interpleader—Personal property ownership—Case for jury.*

On a sheriff's interpleader to determine the ownership of personal property, levied upon in execution, the case is for the jury, where the evidence established that the execution defendant had conducted a restaurant business on property leased from the plaintiff, and that the latter was the owner of the goods levied upon.

In such case a notice that a company controlled by the plaintiff had "transferred its lease and business" to defendant would not be considered to estop the plaintiff from asserting title to the equipment and furnishings of the restaurant.

Under the provisions of the Act of May 26, 1897, P. L. 95, regulating the procedure in actions of interpleader the character of the pleadings is defined, and there is nothing contained therein which requires special pleadings to raise the question of estoppel.

Argued May 1, 1924.   Appeal, No. 180, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1923, No. 4, Execution Docket, Jan. T., 1923, No. 321, on verdict for defendant in the case of A. M. Speer v. William Zeuger.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Interpleader to determine title to personal property. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of defendant in the sum of $530 and judgment thereon.   Plaintiff appealed.

288, (1924).] Assignment of Error—Opinion of the Court.

*Errors assigned* were, among others, granting defendant's request for binding instructions and refusal of plaintiff's motion for judgment non obstante veredicto.

*E. E. Fulmer,* for appellant.—An estoppel cannot be asserted or maintained as a defense unless the party who sets it up was deceived by the information given and acted to his own disadvantage upon the information: Bright v. Allen, 203 Pa. 394; Dezell v. Odell, 3 Hill 215; Eldred v. Hazlett's Admr., 33 Pa. 307, 316; Com. v. Moltz, 10 Pa. 527.

The plaintiff was not estopped from asserting ownership: Widdal v. Garsed, 125 Pa. 358.

*Ben Paul Brasley,* for appellee.

Opinion by Henderson, J., July 2, 1924:

This controversy arose under a sheriff's interpleader. The court gave binding instructions for the defendant and from that direction the plaintiff brings this appeal. The property seized by the sheriff was in leased premises in which Mitchell, the execution defendant, conducted business under the name "White Cat Restaurant." The plaintiff's evidence shows that he was the owner of the property levied on. His title was acquired from a company known as "The White Cat Restaurant Company" which had carried on a restaurant business in the same place prior to the time when Mitchell took charge of the business. That company occupied the premises under a lease from the trustees of the estate of Ellen B. Speer, and Mitchell was made a sub-lessee by an assignment of the prior lease, dated May 31, 1922. We do not find any evidence in the case from which a jury would be warranted in holding that Mitchell owned the property at the time it was seized, nor do we understand from the opinion of the trial judge that the case was disposed of on that assumption. To the plaintiff's statement of

claim was attached a notice sent out by "The White Cat Restaurant Co." to its creditors and presumably to the public announcing the fact that the company had "transferred its lease and the said business to Joseph L. Mitchell who will conduct the said business as sole owner, under the name "White Cat Restaurant" at the same place." The notice also contained a statement that A. M. Speer or J. B. Speer as individuals, or A. M. Speer, J. B. Speer and Joseph L. Mitchell, Trustees of the White Cat Restaurant Co., will not be responsible for any obligations which may be incurred by the White Cat Restaurant, and that the White Cat Restaurant Company, a common law company, will not hereafter be engaged in the said business. The defendant in his affidavit of defense denied that he had received a copy of this notice, but on the trial stated that he had received it, but he did not remember how he received it. The view taken by the court was that the plaintiff was estopped from asserting title to the equipment and furnishings pertaining to the restaurant because of the words in the notice referred to that the White Cat Restaurant Company had "transferred its lease and the said business" to Mitchell: that statement being held to be an admission of the plaintiff that Mitchell was the owner of the personal property used for restaurant purposes, but we think this language does not necessarily bear such implication. The business was the carrying on of a restaurant. It required a room or rooms, decorations, and equipment necessary for such use, but it does not follow that the person conducting such a business in such a place is to be regarded as the owner thereof and that the property on the premises is to be subject to liability for his debts. It appears from the evidence that Mitchell never was the owner of the property. He had presumably an interest in the White Cat Restaurant Company, but the extent of that interest does not appear. It was not however an individual ownership of the chattels which belonged to the company and no feature of retained ownership is in-

volved in the case. The single question is whether the terms of the notice were such as to raise an equitable estoppel which would prevent the plaintiff from asserting ownership. What the White Cat Restaurant Company said it had transferred to Mitchell was the lease and the said business; that is, the business of conducting a restaurant. There is nothing in the statement which amounts to a declaration that Mitchell owned the property which the White Cat Restaurant Company had theretofore used in its business. Under the most favorable view of the case the words "transferred its lease and the said business" are uncertain. It may mean property or goodwill. This was the view taken in Widdall v. Garsed, 125 Pa. 358, with respect to a similar expression. It is to be observed too that a considerable part of the creditor's claim was created before he received the notice and he does not say that he gave credit to Mitchell on the strength of the information that Mitchell owned the property. The plaintiff was entitled to a submission of the question of ownership to the jury. It is contended on behalf of the plaintiff that if the defendant sought to set up an estoppel it should have been pleaded; but the Act of May 26, 1897, P. L. 95, regulating such actions prescribes the character of the pleadings, and nothing therein calls for special pleading. The appellee contends that the appellant is estopped because the sale of the property by the White Cat Restaurant Company to him was not accompanied by any change of possession or delivery, nor were the chattels purporting to have been leased, in any way identified or marked with any evidence of ownership in him, but as between a creditor of Mitchell and the appellant this is not a relevant matter, for as we have seen Mitchell was not the owner of the property and never had been in exclusive possession of it, so far as appears from the testimoney, until the White Cat Restaurant Company ceased to do business.

The second assignment is sustained. The judgment is reversed with a venire de novo.